Filed 4/12/16  Marriage of Plasse CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

In re the Marriage of MELANIE and
MICHAEL PLASSE.

MELANIE PLASSE,

      Respondent,

v.

MICHAEL PLASSE,

      Appellant.

E063734

(Super.Ct.No. IND100663)

OPINION

APPEAL from the Superior Court of Riverside County.  Otis Sterling III, Judge.

Affirmed.

Michael Amon Plasse, in pro. per., for Appellant.

No appearance for Respondent.

1

I

INTRODUCTION

Michael Amon Plasse appeals from a child custody order, awarding Michael[1] and his former wife, Melanie, joint legal and physical custody of their two children. Michael's home was also designated as primary for purposes of school enrollment.

Michael is representing himself. No respondent's brief has been filed. Although appellant's presentation does not conform to the rules and protocols of appellate procedure, in the interests of justice, we will decide the appeal. We hold the family law court did not abuse its discretion. We affirm the judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND

Melanie and Michael were married in December 2000. Their two children were born in 2004 and 2009. The Plasses separated in November 2009. On June 14, 2010, Melanie filed a petition for dissolution. A stipulated judgment was entered on December 23, 2010. As part of the judgment, the parents agreed to share legal and physical custody equally and agreed to reasonable rights of visitation. Neither party agreed to pay child support. Melanie waived spousal support and jurisdiction over spousal support was

_____

[1] We use the parties' first names for ease of reference.

2

terminated. On September 19, 2013, the parties made another written agreement about sharing the children's expenses.

According to the register of actions, between November 2013 and October 2014, the parties were involved in multiple proceedings involving child custody, visitation, and support. After a hearing in July 2014, the court made a comprehensive order regarding custody and visitation. Michael's home was designated as the primary residence and the court granted Melanie visitation of two days, including Tuesday and Saturday nights. Apparently, Michael also filed a request for child support on September 10, 2014. None of the supporting documentation is part of the record on appeal.

On November 3, 2014, Michael filed a request for additional orders about child custody, visitation, and timeshare issues. On December 3, 2014, the court ordered Melanie to pay various amounts for child support and other expenses. Melanie was not present at the hearing. On December 11, 2014, Melanie filed a modification request asking for child support, spousal support, and additional visitation. Michael filed a responsive declaration in which he asked for sole physical custody and made other requests. A hearing was conducted on January 16, 2015, but there is no record of the court's findings and order.

On January 26, 2015, Michael filed another modification request asking for sole legal and physical custody and for changes in visitation. At a hearing on February 5,

2015, the court denied Melanie's request for spousal support. The court continued the hearing on other matters until March 2015.

On February 23, 2015, Michael filed another modification request with additional information. On March 23, 2015, he filed a supplemental declaration.

A lengthy hearing was conducted on March 24, 2015, based on a child custody evaluation and recommendation. Michael argued that Melanie was voluntarily relinquishing some of her time with the children and she should not receive an additional third day of visitation. The court found that Melanie had consistently exercised her visitation and the court adopted the custody recommendation. Michael's home continued to be designated as the primary residence.

The court then engaged in a lengthy colloquy with Michael about other matters. Finally, the court granted the parents joint legal custody, to be exercised in good faith as to the health, education and welfare of the children, including medical and emergency treatment and medical information. Each parent was ordered to provide current contact information and give notice of a proposed move. The parents were also ordered to consult one another about school and daycare enrollment, religious participation, mental health and medical treatment, and extracurricular activities. If either parent failed to seek proper consent from the other, he or she would be subject to civil or criminal penalties and the court could order a change in custody.

The court also granted the parents joint physical custody to be exercised reasonably so "the children maintain[] frequent and continuing contact with both parents." The court ordered Melanie to have an additional third day of visitation, which included Wednesday. Melanie's three days of parenting time were from Saturday morning to Sunday afternoon and Tuesday afternoon until Thursday morning. Michael had the remaining time. Upon proper notice, the parents could agree on alternative times. The parents were not to interfere with one another's time. The court made specific orders for holidays, vacations, and birthdays. The parents were to have phone contact with the children and not involve the children inappropriately about issues between the parents. The parties could agree to written changes, to be filed with the court.

The court denied Michael's subsequent reconsideration motion. Michael appealed on June 3, 2015.

III

DISCUSSION

On appeal, Michael objects to the amount of visitation granted to Melanie; asks this court to review the record independently to find a violation of the joint legal custody order and to remand to the lower court before a different judge; and requests his costs on appeal.

## A. *Standard of Review*

As Michael recognizes, the standard of review is abuse of discretion: "'The standard of appellate review of custody and visitation orders is the deferential abuse of discretion test.'" (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 255.) Generally, a trial court abuses its discretion if there is no reasonable basis on which the court could conclude its decision advanced the best interests of the child. (*In re Marriage of Melville* (2004) 122 Cal.App.4th 601, 610.) "Under this test, we must uphold the trial court 'ruling if it is correct on any basis, regardless of whether such basis was actually invoked.'" (*Montenegro,* at p. 255.)

"A '"showing on appeal is wholly insufficient if it presents a state of facts, a consideration of which, for the purpose of judicial action, merely affords an opportunity for a difference of opinion. An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge. To be entitled to relief on appeal from the result of an alleged abuse of discretion it must clearly appear that the injury resulting from such a wrong is sufficiently grave to amount to a manifest miscarriage of justice . . . ." [Citation.]' (*Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1449.)

"In reviewing any order or judgment we start with the presumption that the judgment or order is correct, and if the record is silent we indulge all reasonable inferences in support of the judgment or order. (*Yield Dynamics, Inc. v. TEA Systems*

6

*Corp.* (2007) 154 Cal.App.4th 547, 556-557.)" (*Chalmers v. Hirschkop* (2013) 213 Cal.App.4th 289, 299.) Appellant bears the burden of proof to show an abuse of discretion. (*Ibid.*)

Michael argues this court should exercise independent review because the trial court displayed actual bias. Having thoroughly reviewed the record, we disagree. Instead, we conclude the trial court gave Michael ample time to argue and carefully considered his claims. No judicial bias was demonstrated: "We agree that the mere fact a judicial officer rules against a party does not show bias." (*In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1328.)

Furthermore, to the extent Michael bases his appeal on any orders made at the hearing on February 5, 2015, any such appeal was not the subject of the notice of appeal filed on June 3, 2015, and was untimely. We disregard any argument based on orders made at the hearing on February 5, 2015. However, we do give proper consideration to issues raised on February 5, 2015, but continued to March 24, 2015.

*B. The Hearing of March 24, 2015*

Based on the foregoing standard of review, we conclude the family law court did not abuse its discretion in finding Melanie did not violate the joint legal custody agreement when she proposed making a change in their daughter's therapist without sufficiently consulting with Michael. Instead, the court made a specific finding, supported by the record, that Melanie had consulted with Michael about the therapist

7

change: "[T]here seems to be what you told me is the definition of consulting, which is a back and forth repertoire [*sic*] concerning issues as it relates to mental health counseling. This seems to support precisely what you told me the order requires the two of you to do, which is to consult."

On the issue of visitation, Michael cites Family Code section 3011 as authority that "[i]n making a determination of the best interest of the child in a [custody] proceeding . . . the court shall, among any other factors it finds relevant, consider. . . : [¶] (c) The nature and amount of contact with both parents." Melanie asserted it would benefit the children to have an additional night (Wednesday) with her. Michael claimed that Melanie was not helping their son with his homework. He also contended that Melanie had voluntarily relinquished 18 percent (181 hours) of her visitation time over the previous six months.

We reject Michael's challenge to the factual finding of the lower court concerning Melanie helping with their son's homework and her exercise of her visitation rights. Although Michael objects to the court's findings, we conclude the findings are reasonable and not subject to reversal. Again, based on the standard of review, it was reasonable for the court to find that it was in the children's best interest to have equal time with their parents.

Michael cannot successfully argue it was a due process violation for the court to make an order for parental visitation based on its finding of the children's best interests.

8

Michael's reliance on *Troxel v. Granville* (2000) 530 U.S. 57, involving grandparents' visitation rights, does not support his position. Furthermore, this court has held the family law court may order visitation to grandparents over a custodial parent's objection in appropriate circumstances. (*Chalmers v. Hirschkop, supra,* 213 Cal.App.4th at p. 302, citing *Hoag v. Diedjomahor* (2011) 200 Cal.App.4th 1008, 1010 [Fourth Dist., Div. Two].) The family law court can certainly make an appropriate order for visitation between parents based on the children's best interests.

## IV

## DISPOSITION

Melanie did not violate the order for joint legal custody and the court properly ordered the parties to share weekly visitation giving Melanie three days and Michael four days. The family law court did not exhibit bias. We affirm the judgment.

Neither party shall recover costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MILLER
J.